The **CINCINNATI GAS AND ELECTRIC COMPANY et al., Petitioners,**

v.

**ENVIRONMENTAL PROTECTION AGENCY and Douglas M. Costle, Administrator of the Environmental Protection Agency, Respondents.**

Nos. 76–2090, 77–1367.

United States Court of Appeals, Sixth Circuit.

June 29, 1978.

Louis E. Tosi, C. Randolph Light, Fuller, Henry, Hodge & Snyder, Toledo, Ohio, Daniel W. Kemp, Cincinnati, Ohio, for petitioners.

Ronald C. Hausmann, E. P. A., Paul Kaplow, Land and Natural Resources Div., Pollution Control Section, Dept. of Justice, Washington, D. C., Mary Ann Muirhead, Region V, E. P. A., Chicago, Ill., for respondents.

John W. Edwards, Lane, Alton & Horst, Columbus, Ohio, for amicus curiae Ohio Mining and Reclamation Ass'n.

William W. Wehr, Freifield, Bruzzese, Wehr, Morland & England, LPA, Steubenville, Ohio, for amicus curiae Ohio Coal Operators' Ass'n, Inc.

William J. Brown, Atty. Gen. of Ohio, Environmental Law Section, David E. Northrop, Asst. Atty. Gen., Columbus, Ohio, for intervenor, State of Ohio.

Before PHILLIPS, Chief Judge, and EDWARDS and PECK, Circuit Judges.

ORDER

On receipt and consideration of a motion for clarification of this court's opinion, dated February 13, 1978; and

4. Newly recodified as 42 U.S.C.A. § 7410(a)(2)(B) (1977 Pamphlet).

Believing that said opinion is self-explanatory, but understanding petitioners' desire for certainty, we reprint below the specific dispositive paragraphs of *Cleveland Electric Illuminating Co. v. EPA*, 572 F.2d 1150 (6th Cir. 1978) (Nos. 76–2090 et al.), numbered in sequence of their appearance in the opinion.

1) The cases dealt with in this opinion[1] present the major general issues. Other individual cases, in addition to presenting one or more of the general issues, also present specific issues of fact. These are reserved pending a review of and reports on the factual disputes between the United States EPA and the individual petitioners.

\* \* \* \* \* \*

2) No other material issues are presented.

3) One petition pending before this court from the Northern Ohio Lung Association attacks United States EPA's failure to promulgate a separate implementation plan for the "secondary standards" for the ambient air. This petition will be the subject of separate consideration.

4) *Similarly, this opinion does not govern any petitions where the RAM model was not used. We do not decide any specific fact disputes raised by any petitioner as to plants other than those treated in this opinion.*[6] Decision of these cases will follow.

[6] *See note 1, supra.*

5) For the reasons stated above, the decision of the Administrator in imposing the SO₂ control plan is affirmed subject to the reservations indicated above.

*Id.*, at 1165 (emphasis added).

The petitioners' Motion to Clarify, filed February 27, 1978, states accurately that this court's opinion disposed of five issues, which it stated as follows:

(1) The appropriateness of the use of RAM (raised in the joint RAM brief and incorporated by reference in the utilities' brief),

(2) The claims for needed procedural safeguards of cross examination on remand (raised in the utility brief),

(3) The economic and technical arguments (raised in the utilities' brief), and

(4) The urban/rural designation issue (raised in the utilities' brief).

(5) The urban dispersion coefficients used in RAM (raised in the joint RAM brief).

Subsequently, said petition lists the following five issues as unresolved:

(1) Failure of U. S. EPA to utilize monitor data in regulation development (utilities' brief),

(2) Improper use of Class A Assumption in the rural model (utilities' brief),

(3) Improper terrain adjustment features to the rural model (utilities' brief),

(4) Failure of EPA to correct background and data errors (utilities' brief), and

(5) Invalidity of the plan for vagueness, and failure to consider sulfur-in-coal variability (utilities' reply brief).

Issues 2 and 3 are disposed of by this court's opinion issued this date in *Cincinnati Gas & Electric Co. v. EPA*, 578 F.2d 660 (6th Cir. 1978).

[1.] This decision dismisses the objections to the regulations *that apply to the following facilities:*

(a) Cleveland Electric Illuminating Co.—all facilities.
(b) Dayton Power & Light Co.—Montgomery County facilities only.
(c) Ohio Edison Co.—Lorain County facilities only.
(d) Toledo Edison Co.—all facilities.
(e) The Timken Co.—all steam generating units.
(f) White-Westinghouse Corp.—all facilities. (Although there was some confusion on this point in the briefs, the record makes clear that White-Westinghouse's Franklin County facility is subject to the RAM model. *See* EPA Final Technical Support Document at IV–57.)

(g) Standard Oil Co. of Ohio—Lucas County steam generating units.
(h) Interlake, Inc.—all steam generating units.
(i) Coulton Chemical Corp.—all steam generating units.

*Id.*, at 1152 (emphasis added).

Issues numbered 1 and 5 above we deem disposed of by affirmance of EPA's employment of the RAM and MAXT–24 models and the discussion in *Cleveland Electric Illuminating Co. v. EPA,* and *Cincinnati Gas & Electric Co. v. EPA.*

Issue number 4 we consider to be fact questions which are subject to agreed-on administrative review. *See Cincinnati Gas & Electric Co. v. EPA.*

For the information of these petitioners, and others, we call attention to the fact that by order dated February 9, 1978, the petition of the Northern Ohio Lung Association (No. 76–2282) was remanded to the United States EPA for further consideration. *Northern Ohio Lung Ass'n v. EPA,* 572 F.2d 1182 (6th Cir. 1978). Additionally, as of today, an order is being entered denying the petition of the Ohio Mining & Reclamation Association and the Ohio Coal Operators' Association, Inc. (No. 77–3290) because it seeks relief which can only be had from the Congress of the United States.

As of this present date, this court considers that the United States EPA control plan for all Mahoning and Summit County facilities belonging to certain petitioners in these cases is under voluntary re-evaluation by United States EPA due to factual disputes. As these and other fact disputes are resolved, stipulations for dismissal should be submitted promptly to this court. When factual disputes cannot be resolved, the parties should make every effort promptly to stipulate the disputed issue, or, failing that, to stipulate the opposing positions of the parties on the issue or issues.